**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

DAVETTA CHAMBERS, TERRY and )
DONNA HAYGOOD, DEMETRA )
KENDRICK, TRACY MCCLAIN, and )
TARA MERIWETHER, )
)
      Plaintiffs, )
)
v. )      Cause No. 1:19-CV-504-HAB
)
SUE PUFF and PHOENIX INSTITUTE, )
INC., )
)
      Defendants. )

**ORDER AND OPINION**

Plaintiffs initiated this action in state court alleging, generally, that Defendants interfered with their licensure as foster care parents. (ECF No. 6). The complaint was removed to this Court under 28 U.S.C. § 1441(c), as it contained both state and federal theories of relief. (ECF No. 1). The parties conferred on a scheduling order and submitted a joint Report of Parties' Planning Meeting (the "RPPM") (ECF No. 10) memorializing their agreements as to various case-related dates and deadlines. Relevant to the matter before the Court, the parties agreed that "[a]ll motions for leave to amend pleadings and/or join additional parties shall be filed on or before **April 27, 2020**." (*Id*. at 4) (original emphasis).

As Plaintiffs tell it, they learned information from Defendants' summary judgment filings that give rise to additional claims and additional party-defendants. As such, they sought leave to amend their complaint on April 27, 2020, the agreed-upon deadline to do so. Defendants object, asserting that leave to amend must be denied on the grounds of undue delay and futility. Because Plaintiffs sought leave to amend within the agreed-upon deadline, and because the Court cannot

conclude from the face of the proposed amended complaint that the amendment would be futile, leave to amend will be granted.

## A.      Undue Delay

Completely ignoring the deadlines *they agreed to* in the RPPM, Defendants first assert that leave should be denied "on the grounds of undue delay and prejudice." (ECF No. 28 at 4). Essentially, Defendants contend that Plaintiffs' lack of litigation activity between removal and their request to amend, a period of approximately five months, is enough for this Court to find the proposed amendment to have been unduly delayed. Defendants additionally point to the fact that they have filed a dispositive motion (ECF No. 15) and would have to "begin anew their evaluation and preparation of a defense for Plaintiffs' claims" as the basis for their claims of prejudice. (ECF No. 28 at 6).

Under the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason—such as undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). Generally, "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *J.D. Marshall Intern. Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991).

Motions for leave to amend are generally denied based on undue delay when they are filed long after the filing of the original pleading and after extensive litigation. *Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 959–60 (N.D. Ill. 2013) (collecting cases). Even in the presence

of factors that may demonstrate undue delay, a motion to amend that is filed within the deadline to do so will almost always be granted. *Bush v. Ruth's Chris Steak House, Inc.*, 277 F.R.D. 214, 216 (D.D.C. 2011) (granting motion for leave to amend filed prior to amendment deadline even though plaintiffs could have sought leave prior to dispositive motion briefing); *see also Cross v. Prompt Med. Transp., Inc.*, 2015 WL 6674836 at *3 (N.D. Ind. Nov. 2, 2015); *Hoenig*, 983 F. Supp. 2d at 960.

When the parties agreed to the amended pleading deadline, they essentially agreed that any amendment sought on or before that deadline would be timely. Here, that deadline happened to be some five months after the action was removed to this Court. Defendants advance no argument or explanation as to why that period was acceptable when the RPPM was filed, but not when Plaintiffs sought leave to amend. Because Plaintiffs' "delay" in seeking to amend their complaint was within the contemplation of the parties at the time the RPPM was filed, the Court cannot conclude that the delay is "undue."

True, Plaintiffs' request to amend was filed only after Defendants attacked the merits of the complaint via a motion for summary judgment. However, Defendants' dispositive motion was filed at the very earliest stages of this case. It was filed only four days after pre-discovery disclosures were to be exchanged, nearly one month prior to the amended pleadings deadline, five months prior to the dispositive motion deadline, and eleven months prior to the close of discovery. (*See*, *generally*, ECF No. 10). While there is no doubt that Defendants *could* file a dispositive motion at this time, *see* Fed. R. Civ. P. 56(b), they ran the risk that a ruling on the motion would be delayed or denied under Fed. R. Civ. P. 56(d) or, as happened here, that the motion would be mooted by a subsequent amendment to the complaint.

The Court would also note that a quick review of the docket belies Defendants' characterization of Plaintiffs as inactive. Plaintiffs could not conduct discovery until after they conferred as required in Rule 26(f), presumably shortly before the RPPM was filed on January 8, 2020. Fed. R. Civ. P. 26(d)(1). For reasons known only to the parties, they agreed that pre-discovery disclosures need not be exchanged for almost three months thereafter. The Court finds it reasonable for parties to put off discovery until after the disclosures are exchanged; they are called **pre-discovery** disclosures, after all. Viewed in the context of the docket and the RPPM, Plaintiffs' inactivity looks more like four **days** (the time between the exchange of pre-discovery disclosures and the filing of Defendants' motion for summary judgment) than five months.

Stated simply, the Court has a hard time seeing any delay on the part of Plaintiffs, much less undue delay, in bringing their motion for leave to amend. And while Defendants will no doubt have to conduct discovery they had not previously contemplated, that fact alone does not constitute legal prejudice. *Cross*, 2015 WL 6674836 at *2. Accordingly, Plaintiffs' motion for leave to amend will not be denied on the grounds of undue delay.

**B.     Futility**

Defendants next argue that leave to amend should be denied because the amended complaint, as pled, would not survive a motion for summary judgment. While it is possible to find Seventh Circuit opinions that use the summary judgment standard in the context of a request to amend, those cases are almost uniformly before the United States Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*See* ECF No. 28 at 7). *Twombly* and *Iqbal* significantly changed the pleading burden and ultimately doom Defendants' claims of futility.

4

Following *Twombly* and *Iqbal*, "the complaint need contain only factual allegations that give the defendant fair notice of the claim for relief and show the claim has 'substantive plausibility.'" *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and N.W. Ind.*, 786 F.3d 510, 517 (7th Cir. 2015) (quoting *Johnson v. City of Shelby*, 574 U.S. 10 (2014)). Thus, "when the basis for denial is futility, we apply the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim." *Runnion*, 786 F.3d at 524. As the Seventh Circuit has made clear, "applying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits." *Id*. at 520.

Defendants' futility arguments boil down to the assertion that the proposed amended complaint does not plead the elements of intentional racial discrimination. (ECF No. 28 at 8–9). Whether or not that is true, "[a] plaintiff need not allege facts in the complaint corresponding to every element of a statutory cause of action." *Martin v. N.W. Mut. Life Ins. Co.*, 2006 WL 897751, *1 (E.D. Wis. March 31, 2006) (citing *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). While Plaintiffs may very well have to *prove* intentional discrimination, that does not mean they have to *plead* intentional discrimination. *See*, *e.g.*, *Swiekiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) (noting that "[t]he prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement.").

The Court has reviewed the proposed amended complaint and concludes that it is not legally futile. The amended complaint can fairly be read as alleging that Defendants engaged in a conspiracy to deprive the Plaintiffs of the foster parent licenses based on race. Whether or not the allegations are true, they pass the fact-pleading standards imposed by the Federal Rules of Civil Procedure. As such, leave to amend cannot be denied based on legal futility.

**C.     Defendants' Motion for Summary Judgment**

Also currently pending before the Court is a motion for summary judgment (ECF No. 15) filed by Defendants. Much like their opposition to the motion for leave to amend, Defendants' summary judgment filings are based, at least in part, on their claim that Plaintiffs' complaint fails to establish Defendants' liability. (*See*, *e.g.*, ECF No. 16 at 17–19). Those arguments are necessarily moot now since Plaintiffs' original complaint will fall out of the case once an amendment has been filed. *Flannery v. Recording. Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The amended complaint will also add additional claims and additional defendants. In the interest of having all dispositive issues presented in one filing, the Court will deny the motion for summary judgment without prejudice to refile after the filing of the amended complaint.

**D.     Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Leave to File First Amended Complaint is GRANTED. The Clerk is DIRECTED to file the proposed amended complaint (ECF No. 18-1) as of the date of this Opinion and Order. Defendants' Motion for Summary Judgment (ECF No. 15) and Motion to Strike (ECF No. 29) are DENIED without prejudice to refile.

SO ORDERED on May 15, 2020.

s/ Holly A. Brady                              
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

.