UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVETTA CHAMBERS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 1:19-CV-504-HAB |
| ) | |
| SUE PUFF, MARY BROWN, PHOENIX ) | |
| INSTITUTE, INC., RHODA NICKI ) | |
| CRANFILL, DEPARTMENT OF CHILD ) | |
| SERVICES, AND STATE OF INDIANA, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

After this case was removed from state court, Plaintiffs filed an Amended Complaint adding as defendants Rhoda Nicki Cranfill, the Indiana Department of Child Services, and the State of Indiana (the "State Defendants"). (*See* ECF No. 34). State Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss them from this lawsuit on the basis that the Amended Complaint fails to state a claim upon which relief can be granted. (ECF No. 46). State Defendants assert that none of the federal remedies apply to them and, in any event, they enjoy Eleventh Amendment immunity from suit. The Court agrees with State Defendants, and their motion to dismiss will be granted.

**A.    Factual Background**

In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the Plaintiffs' complaint and draws all reasonable inferences from those facts in the Plaintiffs' favor. *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). As State Defendants note, the Amended Complaint is light on allegations against them. Plaintiffs allege that Defendant Cranfill "is employed as the Department of Child Services Foster Care Consultant, Southwest –

Regions 8, 13, 16, 17, Indiana Department of Child Services, Central Office, for the State of Indiana." (ECF No. 34 at 2, ¶8). Defendant Cranfill is mentioned only one additional time; it is alleged that she, along with Defendants Brown and Puff, engaged in a conspiracy to interfere with Plaintiffs' foster care licenses. (*Id*. at 3, ¶12).

**B.      Legal Discussion**

**1.      *Motion to Dismiss Standard***

To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories; it is the facts that count. *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010).

**2.      *Plaintiffs Have No Cognizable Claim Against State Defendants***

The Amended Complaint plainly states that this action is brought "under 42 U.S.C. §1981, 42 U.S.C. §1983 and 42 U.S.C. §1985." Of course, these are not legal theories in and of themselves. Unfortunately, the precise legal theory upon which Plaintiffs proceed is difficult to discern. The Amended Complaint includes references to state law torts (ECF No. 34 at 2, ¶11), conspiracy (*Id*. at 3, ¶12), breach of medical privacy statutes (*Id*. at 4, ¶14), and violations of civil rights (*Id*. at 4, ¶19). The filings related to State Defendants' Motion to Dismiss provide little more clarity. Plaintiffs' Memorandum in Opposition (ECF No. 51) is a veritable horn of plenty of legal concepts, none of which arise to the level of a legal claim. The Memorandum discusses the standard for holding private individuals responsible as state actors (*Id*. at 4, 7), an individual's

2

property interest in his employment (*Id*. at 6–7), and the state's duty to monitor children in its custody (*Id*. at 11), among others.

Despite this somewhat scattershot presentation, the Court believes that it has sussed the gist of Plaintiffs' complaint. At base, Plaintiffs claim that the Defendants engaged in a conspiracy to deny them due process with respect to Plaintiffs' foster care licenses. While the facts of the conspiracy are sparse, it appears that Plaintiffs believe that Defendants, acting in concert, interfered with the processes necessary for Plaintiffs to continue their licensure as foster parents by, among other things, delaying paperwork, preventing access to training, and making false statements. (ECF No. 34 at 3).

The first issue that must be determined seems straightforward: who are the State Defendants? This simple exercise in reading has been complicated in this case by Plaintiffs' filings. In response to the motion to dismiss, Plaintiffs assert that Defendant Cranfill has been sued "in her official, and her individual, capacity." Having reviewed the Amended Complaint, the Court disagrees.

Where, as in this case, the complaint does not specify whether defendants are being sued in their individual or their official capacities, the court ordinarily will construe the complaint as raising only official capacity claims. *See Stevens v. Umsted*, 131 F.3d 697, 706 (7th Cir. 1997). Plaintiffs make no specific identification in their Amended Complaint. However, in the paragraph identifying Defendant Cranfill, they identify her through her employment with the state. (ECF No. 34 at 2, ¶8). Moreover, the allegations in the Amended Complaint implicate Defendant Cranfill's employment with the Department of Child Services. With no allegation of individual liability evident in the Amended Complaint, the Court construes the allegations against Defendant Cranfill to be in her official capacity.

3

The court recognizes its discretion to interpret a claim as against an official in his or her individual capacity if the actions of the parties, since the filing of the complaint, demonstrate that they assume this to be the case. *See Stevens*, 131 F.3d at 706. The parties' conduct in this case suggests they did not make this assumption, however. State Defendants are all represented by the same attorneys: the office of the Indiana Attorney General. If Defendant Cranfill anticipated that she had individual liability, she may very well have sought independent counsel. *See Nanda v. Bd. of Trustees of Univ. of Ill.*, 219 F.Supp.2d 911, 915 (N.D. Ill. 2001). This Court is not inclined to find an individual claim where one has not been pled or anticipated by the parties. As such, the Court finds that Defendant Cranfill has been sued in her official capacity only.

This determination largely resolves the remaining issues presented in the motion to dismiss. State Defendants cannot be sued under 42 U.S.C. § 1981 since it does not create a private right of action against state actors. *Campbell v. Forest Preserve Dist. Of Cook Cty., Ill.*, 752 F.3d 665, 671 7th Cir. 2014). Rather, 42 U.S.C. § 1983 is "the exclusive remedy for violations of § 1981 committed by state actors." *Id*.

A discussion of the limits of § 1981 liability buries the lede, however. The real problem with Plaintiffs' Amended Complaint as it pertains to State Defendants is the issue of Eleventh Amendment immunity. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment not only bars suits against states in federal court brought by citizens of another state, but also suits brought by citizens of the state. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890). The Supreme Court has stated that "[t]his express constitutional limitation denies to the federal courts authority to entertain a suit brought by private

parties against a state without its consent." *Ford Motor Co. v. Department of Treasury of Ind.*, 323 U.S. 459, 464 (1945). This immunity rests on a two-part supposition: (1) "each State is a sovereign entity in our federal system," and (2) "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without consent." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Hans*, 134 U.S. at 10).

Plaintiffs' claims against State Defendants are claims against the state of Indiana and its agency, the Department of Child Services; Eleventh Amendment immunity applies. However, there are three exceptions to the immunity: suits against state officials seeking only prospective equitable relief, *Ex parte Young*, 209 U.S. 123, 159–60 (1908); where Congress has abrogated a state's immunity through an unequivocal exercise of valid legislative power, *Alden v. Maine*, 527 U.S. 706, 756 (1999); and a state's waiver of immunity and consent to suit in federal court. *See College Savings Bank v. Flor. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999); *see also Lapides v. Bd. of Regents of Univ. System of Geor.*, 535 U.S. 613 (2002) (state's removal of suit to federal court amounted to waiver of Eleventh Amendment immunity in that suit). Plaintiffs assert the first exception here.

The Court finds at least two problems with Plaintiffs' assertion of the *Ex parte Young* exception. First, as State Defendants point out, there is no demand for prospective, equitable relief anywhere in the Amended Complaint. Instead, the Amended Complaint seeks only monetary damages. (ECF No. 34 at 5, ¶¶21–24). Absent a complete re-write of Plaintiffs' prayer for relief, there is no textual basis for applying *Ex parte Young* to the Amended Complaint.

That said, even a claim for prospective relief would fail to invoke the *Ex parte Young* exception here. The *Ex parte Young* doctrine "allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law." *MCI Telecomms. Corp. v. Ill.*

*Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000) (citations omitted). There is a longstanding rationale that underlies this doctrine: "[B]ecause an unconstitutional legislative enactment is 'void,' a state official who enforces that law 'comes into conflict with the superior authority of the Constitution,' and therefore is 'stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.'" *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) (quoting *Ex parte Young*, 209 U.S. at 159–60). To determine whether a state actor may be so stripped of the official character of their positions, the Court "'need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 371 (7th Cir. 2010) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

It is the "ongoing" requirement that dooms Plaintiffs' Amended Complaint. To the extent that the Amended Complaint alleges a constitutional violation it was not the revocation of Plaintiffs' foster care licenses as such, but, instead, the fact that the revocation was accomplished without due process. *Cf. Zinermon v. Burch*, 494 U.S. 113, 126 (1990). However, that allegedly defective process has already been completed. As Plaintiffs stated in their briefing to the Court, "the evidence will show each plaintiff was injured from the completed conspired scheme through joint efforts of these co-Defendants." (ECF No. 51 at 5). The upshot is that the allegations against State Defendants refer to, at most, a past rather than ongoing violation of federal law. The allegations, then, do not fit within the narrow exception of *Ex parte Young*, and are barred by the Eleventh Amendment. State Defendants' Motion to Dismiss is well-taken and will be granted.

### 3.     *Plaintiffs will be Given an Opportunity to Amend*

Seemingly recognizing the legal flaws in their Amended Complaint, Plaintiffs repeatedly request the opportunity to file a second amended complaint in their brief. (ECF No. 51 at 1, 2, 4, 13). With the Amended Complaint dismissed, Plaintiffs no longer have a right to amend their complaint as a matter of course. *See* Fed.R.Civ.P. 15(a)(1) (right to amend expires 21 days after service of defendant's motion to dismiss under Rule 12(b)).  Ordinarily, however, a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed. The Seventh Circuit has said this repeatedly. *E.g.*, *Luevano v. Wal–Mart Stores, Inc*., 722 F.3d 1014, 1024 (7th Cir. 2013); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 & n. 3 (7th Cir. 2004) (collecting cases). Rule 15(a)(2) governs when court approval is needed to amend a pleading: "The court should freely give leave [to amend] when justice so requires." *See generally Foman v. Davis*, 371 U.S. 178, 182 (1962) (reversing denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded").

Where it is clear that the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend and to enter an immediate final judgment, just as when an amendment has been unduly delayed or would cause undue prejudice to other parties. *See*, *e.g.*, *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007); *James Cape & Sons Co. v. PCC Construction Co*., 453 F.3d 396, 400–01 (7th Cir. 2006); *see also Foman*, 371 U.S. at 182 (leave to amend may be denied based on futility, undue delay, undue prejudice, or

bad faith). However, those situations are "rare." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and N.W. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015).

The Court finds the amendment question to be a close one. For the reasons set forth above, the Court seriously doubts whether Plaintiffs can state a claim against State Defendants that would avoid an Eleventh Amendment issue. And even if they could, they would be left with the fundamental issue of the state not being a "person" for the purposes of § 1983. *Will v. Mich. Dep. of State Police*, 491 U.S. 50, 71 (1989). Plaintiffs have also signed the Amended Complaint under oath (ECF No. 34 at 6-8), leaving them little room to make broad amendments to the factual basis for their complaint. These are significant hurdles, ones that Plaintiffs likely cannot surmount.

Left to its own devices, the Court would likely deny Plaintiffs the right to amend. However, that decision would "carr[y] a high risk of being deemed an abuse of discretion." *Runnion*, 786 F.3d at 518. The Court sees little utility in exposing the parties to a lengthy and costly appeal, only to have the case remanded to the pleading stage. As such, the Court will permit Plaintiffs one more try to state a claim. The Court implores Plaintiffs to carefully consider the issues set forth in this Opinion and give thought as to whether they have a claim that can be pursued against State Defendants in this forum.

**C.     Conclusion**

For the foregoing reasons, State Defendants' Motion to Dismiss (ECF No. 46) is GRANTED. Plaintiffs are ORDERED to file any further amended complaint on or before September 16, 2020.

SO ORDERED on September 2, 2020.

 s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT
