UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVETTA CHAMBERS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 1:19-CV-504-HAB |
| ) | |
| SUE PUFF and PHOENIX INSTITUTE, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

The deadlines agreed to by the parties here have caused great confusion and consternation. The first such confusion was caused by Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 18). Despite Plaintiffs' motion being filed within the agreed deadline for the parties to amend pleadings, these Defendants objected, claiming that the Plaintiffs "unduly delayed in seeking leave to amend." (ECF No. 28 at 1). Citing the Scheduling Order (ECF No. 12), this Court granted the motion for leave, stating, "[b]ecause Plaintiffs' 'delay' in seeking to amend their complaint was within the contemplation of the parties at the time the [Report of Parties' Planning Meeting] was filed, the Court cannot conclude that the delay is 'undue.'" (ECF No. 33 at 3).

Now before the Court is Plaintiffs' Motion for Enlargement of Time to File an Amended Response to Phoenix Defendants' Second Motion for Summary Judgment (ECF No. 61). In the instant motion, Plaintiffs assert that they need additional time to respond to Defendants' Second Motion for Summary Judgment because discovery is outstanding and, they claim, that discovery is necessary for a complete response to the pending dispositive motion. Much as they did with the motion to amend, Defendants object based on what they believe is Plaintiffs' dilatory conduct. Defendants assert that "Plaintiffs' claimed basis for the requested extension arises entirely from

Plaintiffs' own lack of diligence. Plaintiffs have thus proceeded at their own peril in failing to complete all discovery they desire in time to respond to Defendants' Second Motion for Summary Judgment." (ECF No. 62 at 5).

Once again, the established deadlines contradict Defendants' position. The Scheduling Order provides that fact discovery need not be completed until February 27, 2021. (ECF No. 12 at 1). The Court cannot find a "lack of diligence" in failing to complete discovery five months early. As such, the Court finds it inappropriate to rule on Defendants' Second Motion for Summary Judgment currently.

**A.     Procedural History**

The Scheduling Order in this matter was issued on January 13, 2020. In keeping with the dispositive motion deadline contained in the Scheduling Order, Defendants filed their Second Motion for Summary Judgment, along with a Brief and Designation of Evidence, on August 31, 2020. (ECF Nos. 53–55).

Again keeping with established briefing deadlines, Plaintiffs filed their Response, Brief, and Designation of Evidence in opposition to Defendants' dispositive motion on September 28, 2020. (ECF Nos. 58–60). On the same date, Plaintiffs filed the instant motion. Plaintiffs contend that several discovery requests remain outstanding, including a non-party request to the Indiana Department of Child Services and a second request for production to Defendants. In addition, the parties have scheduled Defendant Sue Puff for deposition on November 9, 2020. (ECF No. 61 at 1–2). Plaintiffs assert that "pivotal and relevant evidence" will be developed through the outstanding discovery. (*Id*. at 2). Accordingly, Plaintiffs seek permission to file an amended response to the Second Motion for Summary Judgment on or before October 26, 2020.[1] (*Id*. at 3).

---

[1] The Court shares Defendants confusion as to why, if important evidence will be discovered at Defendant Puff's November 9, 2020, deposition, Plaintiffs seek an extension until October 26, 2020.

As noted above, Defendants object to the requested extension. In addition to accusing Plaintiffs of dilatory conduct, Defendants assert that Plaintiffs have failed to demonstrate good cause as required by Federal Rule of Civil Procedure 6(b)(1) and Northern District Local Rule 7-1(d)(4). (ECF No. 62 at 3).

**B.     Legal Analysis**

Defendants analyze Plaintiffs' request under Rule 6, but the Court finds Rule 56(d) to be applicable. That Rule provides:

> **(d)     When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)     defer considering the motion or deny it;
>
> (2)     allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)     issue any other appropriate order.

Fed. R. Civ. P. 56(d). The decision to grant relief under Rule 56(d) is within the sound discretion of the trial court. *Harris v. Pate*, 440 F.2d 315, 318 (7th Cir. 1971). In order to receive additional time under the Rule to complete discovery, a non-moving party must demonstrate "a genuine and convincing need for further discovery." *Lamb's Patio Theatre, Inc. v. Universal Film Exchs., Inc.*, 582 F.2d 1068, 1071 (7th Cir. 1978).

The Court is not overwhelmed with the grounds stated in Plaintiffs' motion. While Plaintiffs have informed the Court of the nature of the discovery that remains outstanding, they have made no effort to educate the Court what evidence they anticipate will be discovered, or how that evidence will demonstrate a genuine issue of material fact. *See*, *e.g.*, *Haroco, Inv. v. Am. Nat. Bank & Trust Co. of Chi.*, 662 F.Supp. 590, 596 (N.D. Ill. 1987). Plaintiffs assert that the evidence will be "pivotal," but hyperbole alone does little to inform the Court's analysis.

Nonetheless, it does not take any great act of legal deduction to conclude that the deposition of a named party might be helpful in responding to a dispositive motion. Nor does it take a stretch of one's imagination to conclude that the Department of Child Services might have information relevant to this dispute. Moreover, nearly five months remains for discovery under the Scheduling Order governing this case. In short, the Court is not "satisfied that discovery [is] unnecessary," and declines to rule on Defendants' Second Motion for Summary Judgment at this time. *Becker v. I.R.S.*, 34 F.3d 398, 406 (7th Cir. 1994).

**C.     Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Extension (ECF No. 61) is GRANTED in part. Defendants' Second Motion for Summary Judgment (ECF No. 53) is DENIED without prejudice to refile pursuant to Federal Rule of Civil Procedure 56(d)(1). The Court further ORDERS that the dispositive motion deadline be extended to March 26, 2021, to permit both parties to complete discovery in advance of any further dispositive motion filings. In light of the foregoing, Defendants' Second Motion to Strike (ECF No. 64) is DENIED as moot.

SO ORDERED on October 8, 2020.

                                                s/ Holly A. Brady
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT